# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| GEORGE LOSHA AWUNE | * | CIVIL NO. 05-CV-0639-P |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a Petition for Writ of Habeas Corpus and a Motion for Summary Judgment on same filed by the plaintiff (Doc. Nos. 1 and 10). Defendants have responded to the writ application (Doc. No. 9), and have opposed the motion for summary judgment (Document No. 13). The plaintiff has also filed a reply to the defendants' response (Document No. 12). For reasons stated below, it is recommended that the Motion for Summary Judgment be DENIED and that the petition for Writ of Habeas Corpus be DISMISSED.

## Factual and Procedural Background

The exhibits and evidence submitted in this matter reveal the following underlying facts and procedural background:

Plaintiff, a citizen of Cameroon, first entered the United States in Boston, Massachusetts, on or about November 26, 1994, and filed an Application for Asylum and Withholding of Deportation on or about March 3, 1995.

By notice dated May 3, 1995, plaintiff's asylum application was referred to an immigration judge for consideration. Plaintiff's testimony was found not to be credible as to the material points of his asylum claim and he was unable to establish his nationality either by

1

documentation or testimony. On May 10, 1995, plaintiff was served with an order to show cause why he should not be deported from the United States pursuant to Section 241(a)(1)(B) of the Immigration and Nationality Act for entering the United States without inspection by an immigration officer. He was ordered to appear for a hearing before an Immigration Judge on May 30, 1995, in Baltimore, Maryland.

Plaintiff failed to appear for the hearing, which then proceeded *in absentia.* After the hearing, the Immigration Judge determined that the plaintiff had failed to appear without just cause and that the evidence established that he was subject to deportation. Plaintiff made no application for relief from deportation, and was ordered deported to Cameroon as charged.

On or about December 29, 2001, plaintiff submitted another application for asylum and withholding of removal, claiming that he had left Cameroon on April 15, 2001, and entered the United States at Dulles, Virginia, on April 16, 2001. Plaintiff claimed he was subject to arrest by Cameroon officials for having committed acts that led to a riot and disturbing the peace in violation of Cameroonian law.

Plaintiff was arrested on May 10, 2004, by the United States Immigration and Customs Enforcement (USICE), and the Cameroonian Embassy was notified of the arrest. By notice also dated May 10, 2004, plaintiff was continued within the custody of the USICE on the bases of his failure to appear for his 1995 deportation hearing, his lack of equities within the United States, his status as a flight risk upon release, and efforts by the USICE to obtain a travel document for his removal.

Plaintiff applied to stay his removal from the United States on May 26, 2004. His counsel was advised by letter dated October 6, 2004, that he had thirty days in which to submit a valid passport for the plaintiff or to explain why this could not be done. His counsel was further

informed that if no timely response was received, the application to stay removal would be adjudicated without further notice.

On that same day, the USICE submitted a formal request for a travel document for the plaintiff from the Embassy of the Republic of Cameroon. By letter dated October 14, 2004, the Minister Counselor of the Embassy of the Republic of Cameroon acknowledged receipt of the USICE request, and enclosed application forms for the plaintiff and a list of requirements to be met. The Minister Counselor stated that it was mandatory for the plaintiff to establish his citizenship.

By letter dated November 8, 2004, the USICE notified the plaintiff, through counsel, that his request for bond was denied based on the factors previously set out above and the plaintiff's pending removal from the United States. On that same date, the USICE again requested the issuance of a travel document from the Embassy of the Republic of Cameroon.

By letter dated January 25, 2005, the plaintiff was notified that his custody status had been reviewed and that he would be continued in custody pending removal. At that time, the Embassy of Cameroon was researching its records to verify the plaintiff's identity and citizenship and that, upon verification, would issue a travel document for the plaintiff.

On May 26, 2005, at the request of the Cameroonian Embassy, the USICE submitted two more original travel document applications to the Embassy, along with a copy of the plaintiff's birth certificate, a copy of his national identity card, photographs, and a money order in the amount of $62.50.

On July 26, 2005, a travel document was issued.

## Law and Analysis

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a

final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. The United States Supreme Court, in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491 (2001), noted as follows:

> The habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions ···· And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Id.* at 2504.

The Court held that a six month period for detention pending removal is presumptively reasonable, but further noted as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 2505.

In this case, although the six month period ended on May 10, 2005, the record fails to support a claim that there is not significant likelihood of removal. In addition, given the plaintiff's history of failure to appear and the risk of flight he presented, along with the showing made by the USICE of its continuing efforts to obtain a travel document, and most importantly,

4

the fact that a travel document has now been issued such that there is clearly a significant likelihood that the plaintiff will be removed in the near future, the continued detention of the plaintiff is reasonable. It is therefore recommended that his petition for writ of habeas corpus be DISMISSED and his motion for summary judgment be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE