RECEIVED

NOV - 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **GEORGE LOSHA AWUNE** | **CIVIL ACTION NO. 05-0639** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ALBERT GONZALES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court are a Petition for Writ of Habeas Corpus [Doc. No. 1] and a Motion for Summary Judgment [Doc. No. 10] filed by Petitioner George Losha Awune ("Awune"). Awune seeks release from detention by ICE on the basis that he has been detained longer than six months, and there is no significant likelihood of his removal in the reasonably foreseeable future.

On August 17, 2005, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 14] in which she recommended that the Motion for Summary Judgment be denied and the Petition be dismissed. Judge Hayes based her recommendation on the fact that Awune has a history of failing to appear for immigration proceedings, that he presents a flight risk, that ICE has made continuing efforts to obtain a travel document, and "most importantly, the fact that a travel document has now been issued such that there is a clearly significant likelihood that [Awune] will be removed in the near future."

On August 19, 2005, Awune filed a motion to stay his deportation [Doc. No. 15] alleging that the travel documents issued for him in July 2005 were not his because they contained

1

incorrect identifying information (e.g., the wrong birth date, the wrong height). After consideration, the Court denied the motion to stay pending resolution of the Petition and Motion for Summary Judgment.

On September 2, 2005, Awune filed an objection to the Report and Recommendation, again pointing out that the travel documents allegedly contain incorrect identifying information.

On September 14, 2005, the Government filed a response. The Government admits Awune's deportation has been stayed, so that he is not likely to be removed in the immediate future despite the issuance of travel documents. However, the Government points out that the stay issued because Awune filed a motion to reopen his immigration proceedings. Therefore, the Government contends that Awune cannot obtain release based on his own actions, citing the Court to *Balgoun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993), and *Dor v. District Director, Immigration and Naturalization Services*, 891 F.2d 997, 1002-03 (2d Cir. 1989).

The Court has reviewed the authority cited by the Government and agrees with its position in this matter. In *Balgoun*, as a matter of first impression, the Fifth Circuit addressed "[w]hether the conduct of a deportable alien, which causes a delay in his deportation, can toll the six-month period allowed under section 12429(c)." 9 F.3d at 350. The Fifth Circuit answered the question in the affirmative, holding that "*if* a petitioner by his conduct intentionally caused the delay of which he now complains, it would be inequitable to allow him to benefit from the delay." *Id.* at 351.

Although Balgoun had refused to cooperate in the efforts to obtain a passport for him, the Fifth Circuit did not limit its holding to this type of conduct. In fact, the Fifth Circuit cited other courts with approval, including the Second Circuit's decision in *Dor*, where the alien had used

the judicial or administrative process to prevent his deportation. *See id.* (discussing the *Dor* Court's finding that an alien's "claim of release" is not supported when he uses tactics designed to delay his deportation and its conclusion that "because [Dor] had obtained a stay of the deportation order, the six-month period had not begun to run.") (citing *Dor*, 891 F.2d at 1002).

Similarly, in this case, Awune filed a motion to reopen the proceedings with the immigration court in Baltimore, Maryland, on or about August 22, 2005. Because Awune was originally ordered removed *in absentia*, the filing of such a motion operates as a stay of his pending deportation pursuant to 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(iii)C). He cannot be deported until this stay is lifted. Awune, like Dor and Balgoun, has acted, albeit lawfully, to delay his deportation. Therefore, he cannot complain about his continued detention.

Having conducted a de novo review of the entire record in this case, the Court hereby ADOPTS IN PART and DECLINES TO ADOPT IN PART the Magistrate Judge's Report and Recommendation [Doc. No. 14]. The Court agrees with and adopts the Magistrate Judge's statement of the applicable law and her analysis of the record facts as they existed at the time of the issuance of her Report and Recommendation. However, in light of the changed circumstances in this case, Awune's Motion for Summary Judgment is DENIED, and his Petition DISMISSED WITH PREJUDICE, not because there is a significant likelihood of his removal in the near future, but because his own actions prevent such removal from taking place.

After the stay is lifted and there is a final decision by the immigration court, Awune may

3

file a Petition for Writ of Habeas Corpus if he is detained for an unreasonable length of time.

MONROE, LOUISIANA, this 31 day of October, 2005.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE